**Robert E.L. Bonaparte, OSB No. 883411**
bob@bb-law.net
SHENKER & BONAPARTE, LLP
1500 SW 1st Avenue, Suite 765
Portland, OR 97201
Telephone:  (503) 242-0008
Facsimile:  (503) 323-7360

**Andrew C. Lauersdorf, OSB No. 980739**
acl@coveragelit.com
MALONEY LAUERSDORF REINER PC
117 SW Taylor Street, Suite 300
Portland, OR 97204
Telephone:  (503) 245-1531 / 503 245-1518
Facsimile:  (503) 245-1417
        Attorneys for Plaintiffs Stephen and Rena Muller

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PENDLETON DIVISION**

| | |
|---|---|
| STEPHEN AND RENA MULLER, | Case No. |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| | **(Breach of Insurance Contract; Tortious Interference with Business Relationships)** |
| COUNTRY MUTUAL INSURANCE COMPANY, | |
| Defendant. | JURY TRIAL REQUESTED |

## NATURE OF ACTION

1.    This is an action by plaintiffs against their insurer, Country Mutual Insurance Company ("defendant" or "Country"), to recover on a fire loss incurred by plaintiffs.  Although the insurance policies issued to plaintiffs

Page 1 – COMPLAINT

by Country provide coverage, Country has refused to provide indemnity owed under the policies.

## PARTIES

2. Plaintiffs Stephen and Rena Muller are, and at all material times mentioned herein were, the owners of property located at 62526 Leffel Road, La Grande, Oregon (the "property").

3. Defendant is, and at all material times mentioned herein was, a corporation authorized to transact and transacting insurance in the state of Oregon. Country's state of incorporation is Illinois and its principal place of business is in Illinois.

## JURISDICTION

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a).

## FIRST CLAIM
(Breach of Contract)

## COUNT ONE
(Breach of Express Contract)

6. Country issued insurance policies to plaintiffs, including No. AB913073600 and No. A36K4621993, covering business and personal property, and No. P36A4693764, covering automobile (collectively, the "policy"). The policy was issued for valuable consideration in the form of policy premiums, which were paid by plaintiffs.

7. Pursuant to the policy, defendant insured plaintiffs' property and agreed to pay for certain losses, including, but not limited to, structure

damage, loss of business and personal property, loss of automobile, and loss of business income.

8. While the policy was in force, on or about November 18, 2012, an accidental fire caused structure damage, loss of business and personal property, loss of business income, and loss of a classic car.

9. The losses suffered by plaintiffs fall within the coverage of defendant's policy. Pursuant to the terms of the policy, plaintiffs sought payment from defendant for all their damages. Defendant has refused to pay any of plaintiffs' damages.

10. Defendant's denial and refusal to pay any of plaintiffs' damages constitutes a breach of the insurance contract.

11. As a result of defendant's breach of contract, plaintiffs have been damaged in the amount of $1,062,385, including $201,249 for structure damage; $573,712 for damage to business property; $25,000 in lost income, $187,424 for damage to personal property, and $75,000 for damage to a classic car.

12. Plaintiffs are entitled to attorney fees under O.R.S. 742.061.

## COUNT TWO
### (Breach of Implied Covenant)

13. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-12.

14. Defendant failed to make payment, refused to make payment, and delayed payment for losses that were caused by the fire, in violation of the policy of insurance, thus causing damages to plaintiffs.

15. Defendant violated the implied covenant of good faith and fair dealing in failing properly to investigate the loss, adjust the claim, and pay

plaintiffs for losses sustained as a result of the fire, causing damages to plaintiffs:

    a. On or about November 18, 2012 a fire caused extensive damage to plaintiffs' business and personal property and automobile.

    b. Plaintiffs promptly reported the loss, and provided proof of loss. Defendant's adjuster personally inspected shortly after the loss. More than six months have passed since defendant's inspection and plaintiffs' submission of proof of loss.

    c. The state fire marshal determined that the cause of the fire was undetermined. Plaintiffs stated that they were out of town and around 60 miles from Bend at the time of the fire. However, an individual named Amie Blackman (who is related to Country employee Greg Blackman) stated that she saw Rena Muller in town in a Ford "Explorer" 15 minutes before the fire. The Oregon state police reviewed a Biggs gas station surveillance video, and determined that plaintiffs were in fact out of town at the time of the fire.

    d. Defendant has nonetheless repudiated the contract by refusing to pay for any damages.

    e. Plaintiffs have supplied all appropriate information and documentation.

16. It was foreseeable to defendant that if it breached its obligations under the insurance policy, plaintiffs would suffer damages.

17. As a result of the breach of contract by defendant, plaintiffs have suffered damages as set forth in paragraph 11.

## SECOND CLAIM FOR RELIEF
### (Tortious Interference with Business Relationships)

18. The allegations in paragraphs 1-17 are incorporated herein by reference.

19. Plaintiffs are in the business of servicing machinery.

20. Country owed a special duty of good faith and fair dealing to plaintiffs as its insureds. This duty requires the insurer to honor with reasonable promptness meritorious claims arising under the policy.

21. Country has wrongfully withheld payment on plaintiffs' meritorious claim by the use of improper means, including the assertion of defenses to coverage that are not supported by fact or law and are not asserted with a good faith belief in their validity.

22. As a result of Country's wrongful conduct, plaintiffs have been unable to conduct their business and have suffered interference in their business.

23. Country intentionally, willfully, and recklessly has interfered with plaintiffs' business relationships with suppliers.

24. As a direct and proximate result of Country's wrongful conduct, which was neither justified nor privileged, plaintiffs have suffered damages.

25. By reason of the foregoing, plaintiffs are entitled to recover compensatory damages in the amount not less than $400,000 and punitive damages in an amount not less than $1,000,000.

WHEREFORE, plaintiffs pray for relief from defendant as follows:

    (a)    On the FIRST CLAIM FOR RELIEF: For damages in the amount of $1,062,385;

(b)  On the SECOND CLAIM FOR RELIEF:  For compensatory damages in the amount of $400,000 and punitive damages in the amount of $1,000,000;

(c)  For prejudgment interest at the legal rate from November 18, 2012;

(d)  For plaintiffs' attorney fees, costs and disbursements herein; and

(e)  For such other relief as the court deems just and proper.

DATED this 21st day of August, 2014.

SHENKER & BONAPARTE, LLP

By      /s/ Robert E.L. Bonaparte
Robert E.L. Bonaparte, OSB No. 883411
Telephone:  (503) 242-0005
Facsimile: (503) 323-7360

MALONEY LAUERSDORF REINER PC

By     /s/ Andrew C. Lauersdorf
Andrew C. Lauersdorf, OSB No. 980739
Maloney Lauersdorf Reiner PC
Telephone: (503) 245-1518
Facsimile: (541) 889-2432

Attorneys for Plaintiffs Stephen and Rena Muller

Page 6 – COMPLAINT