IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**STEPHEN and RENA MULLER,**

           **Plaintiff,**

    v.

**COUNTRY MUTUAL INSURANCE COMPANY,**

           **Defendant.**

No. 3:14-cv-01345-BR

OPINION AND ORDER

**BROWN, Judge.**

    This matter comes before the Court on Plaintiffs' Motion (#76) for Attorney Fees.  For the reasons below, the Court **GRANTS in part** Plaintiffs' Motion and awards interim attorneys' fees in the amount of **$8,491.00**.

**BACKGROUND**

    This action arises from Defendant's denial of coverage for a fire-loss claim submitted by Plaintiffs.  In the course of discovery Plaintiffs noticed the deposition of a corporate representative of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6).  Defendant's designated representative appeared for deposition in August 2015.  That deposition was suspended per the agreement of the parties and continued to December 2015 when it was concluded.  Thereafter Plaintiffs filed a Motion (#58) in Limine to exclude testimony or evidence at

1 – ORDER

trial inconsistent with the corporate representative's deposition testimony. Following a hearing on the Motion in Limine, the Court denied Plaintiffs' Motion as premature. The Court, however, gave Plaintiffs leave to file a motion for attorneys' fees on the ground that Plaintiffs' Motion in Limine "was necessitated by Defendant's failure to prepare its Federal Rule of Civil Procedure 30(b)(6) witness adequately."

Plaintiffs seek $19,990.00 in attorneys' fees.

## DISCUSSION

### I. Plaintiffs are entitled to attorneys' fees.

Federal Rule of Civil Procedure 37 allows the Court in its discretion to award expenses incurred regarding disputed discovery matters. Plaintiffs seek attorneys' fees pursuant to Rule 37(a)(5) and 37(d)(3). Rule 37(a)(5) relates to payment of expenses for bringing or defending a motion for protective order, and Rule 37(d)(3) allows sanctions to be awarded when a party fails to appear for a deposition or fails to provide responses to discovery requests. Here, as part of its Response to Plaintiffs' Motion in Limine, Defendant sought a protective order "that does not allow Plaintiffs to force [the corporate designee] to read every fact deposition that has been taken in order to recite every fact that may support the intentional act and misrepresentation defenses in this case." Def.'s Resp. (#64) at 8. Plaintiffs filed an eight-page Reply in support of their Motion in Limine that included only a brief response to

2 – ORDER

Defendant's request for a protective order.  Pls.' Reply (#68) at 5-6.

Although Plaintiffs did not seek attorneys' fees in their Motion in Limine, in their Reply, however, they requested "an Order requiring Defendant to pay Plaintiffs' reasonable costs and attorney fees for opposing Defendant's Motion for Protective Order, or in the alternative, for the time spent in preparing and attending the FRCP 30(b)(6) deposition of the Defendant."  Pls.' Reply (#68) at 8.

Following the hearing on Plaintiffs' Motion in Limine, the Court found the Motion was "necessitated by Defendant's failure to prepare its [corporate designee] adequately."  The Court now concludes, therefore, that Defendant's conduct falls within the purview of Rule 37, and Plaintiffs are entitled to an award of attorneys' fees.

**II. Plaintiffs are entitled to reasonable attorneys' fees in the amount of $8,491.00.**

**A.   Standards**

The Supreme Court has stated under federal fee-shifting statutes that "the lodestar approach" is "the guiding light" when determining a reasonable fee.  *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010).  Under the lodestar method the court first determines the appropriate hourly rate for the work performed and then multiplies that amount by the number of hours properly expended in doing the work.  *Id.*  Although "in extraordinary circumstances" the amount produced by the lodestar calculation

3 - ORDER

may be increased, "there is a strong presumption that the lodestar is sufficient." *Id.* at 556.  The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan For Hourly-rated Emps. Of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008)(quotations omitted).  When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

      To determine the lodestar amount the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances;(8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002)(quotation omitted).  A rote recitation of the relevant factors is unnecessary as long as the court

4 - ORDER

adequately explains the basis for the award of attorneys' fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).  See also *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000)("the district court need only provide a 'concise but clear explanation for its reasons' for reducing the number of hours included in a fee award").

The lodestar amount is presumed to be the reasonable fee, and, therefore, "'a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts.'" *Summers v. Carvist Corp.*, 323 F. App'x 581, 582 (9th Cir. 2009)(quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). "Adjustments [to the lodestar amount] must be carefully tailored . . . and [made] only to the extent a factor has not been subsumed within the lodestar calculation." *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2009)(citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)).

**B.   Time Incurred in Connection with Plaintiffs' Motion in Limine**

Plaintiffs seek to recover attorneys' fees for time expended by counsel in the handling of Plaintiffs' Motion in Limine.  The hourly billing records for these services were submitted with the Declaration of Andrew C. Lauersdorf (#77).

5 – ORDER

The billing records reflect a total of 55 hours expended by Plaintiffs' three attorneys:  Andrew Lauersdorf, FJ Maloney, and Scott MacLaren.

When determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours "that are excessive, redundant, or otherwise unnecessary."  *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The district court may determine whether hours are excessive, redundant, or otherwise unnecessary, and thus excludable, by conducting an hour-by-hour analysis of the fee request.  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013).

Lauersdorf expended a total of 15.8 hours, Maloney expended a total of 12 hours, and MacLaren expended a total of 27.2 hours related to the Motion in Limine.  Between January 8, 2016, and March 4, 2016, MacLaren and Maloney together spent 20.1 hours in the preparation of the initial 28-page Motion in Limine they filed on March 4, 2016.  Between March 21, 2016, and April 4, 2016, all three counsel spent a total of 27.5 hours in the preparation of Plaintiffs' nine-page Reply in further support of Plaintiffs' Motion in Limine.  Between
April 5, 2016, and May 16, 2016, Lauersdorf spent 7.4 hours in preparation for and his appearance at the court hearing on Plaintiffs' Motion in Limine.

In particular, on March 21, 2016, MacLaren spent 1.20

6 - ORDER

hours analyzing Defendant's Response and preparing an outline of arguments.  On March 22, 2016, Maloney spent 4.10 hours also reviewing and analyzing Defendant's Response and drafting Plaintiffs' Reply, and MacLaren spent an additional 1.10 hours that same day drafting the Reply.  On April 4, 2016, all three counsel spent a total of 17.4 hours reviewing, supplementing, and revising Plaintiffs' Reply in support of the Motion in Limine (MacLaren:  5.30 hours, Maloney:  3.70 hours, and Lauersdorf:  8.40 hours).

On this record the Court concludes the hours spent by Plaintiffs' attorneys were excessive, redundant, or otherwise unnecessary, and, accordingly, the Court, in the exercise of its discretion to reach a "reasonable" attorneys' fee calculation, reduces the number of hours to be included in the lodestar calculation as follows:

| **Attorney** | **Requested Hours** | **Reasonable Hours** |
| --- | --- | --- |
| Andrew Lauersdorf | 15.8 | 9.1 |
| FJ Maloney | 12.0 | 5.2 |
| Scott MacLaren | 27.2 | 16.6 |
| **TOTAL** | 55 | 30.9 |

### C.  Counsels' Requested Hourly Rate

Counsel request an hourly rate of $450.00 for Lauersdorf and Maloney and $275.00 for MacLaren.

To determine the reasonable hourly rate of an attorney, this Court uses the most recent Oregon State Bar Economic Survey

7 – ORDER

published in 2013 as its initial benchmark.  Attorneys may argue for higher rates based on inflation, specialty, or a number of other factors.

In 2009 Maloney and Lauersdorf formed their law firm, which currently has five attorneys and represents both insurance companies and insureds.  According to the Lauersdorf Declaration (#77), Maloney was admitted to the Oregon State Bar in 1995 and has approximately 17 years of experience litigating insurance coverage disputes; Lauersdorf was admitted to the Oregon State Bar in 1998 and has 16 years of experience litigating insurance coverage disputes; and MacLaren was admitted to the Oregon State Bar in 2012 and has 4 years of litigation experience as an associate.  All counsel have primarily handled the defense of civil insurance litigation.

The Oregon State Bar Economic Survey indicates an average hourly billing rate for attorneys in the Portland area of $284.  For an attorney in the Portland area with 16-20 years experience, the hourly billing rate is between $200 and $380 per hour with an average of $256 per hour.  For attorneys with 4-6 years experience, the hourly billing rate is between $160 and $295 per hour with an average of $210 per hour.  As noted, the rate sought by Plaintiffs' counsel is $450 per hour for Maloney and Lauersdorf and $275 for MacLaren.

On this record the Court concludes a reasonable hourly

rate for Maloney and Lauersdorf is $350 and a reasonable hourly rate for MacLaren is $210.

| Attorney | Hours | Rate | Fees |
|---|---|---|---|
| Andy Lauersdorf | 9.1 | $350 | $3,185 |
| FJ Maloney | 5.2 | $350 | $1,820 |
| Scott MacLaren | 16.6 | $210 | $3,486 |
| **TOTAL** | 30.9 | | $8,491 |

## CONCLUSION

For these reasons, the Court **GRANTS in part** Plaintiffs' Motion (#76) for Attorney Fees and **AWARDS** Plaintiff attorneys' fees of **$8,491.00**.

IT IS SO ORDERED.

DATED this 19th day of September, 2016.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge