IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

STEPHEN and RENA MULLER,

      Plaintiffs,

    v.

COUNTRY MUTUAL INSURANCE
COMPANY,

      Defendant.

3:14-cv-01345-BR

OPINION AND ORDER

ANDREW C. LAUERSDORF
FRANCIS J. MALONEY, III
SCOTT A. MACLAREN
Maloney Lauersdorf & Reiner, PC
1111 E. Burnside Street
Suite 300
Portland, OR 97214
(503) 245-1518

ROBERT E.L. BONAPARTE
Shenker & Bonaparte, LLP
1500 S.W. First Avenue
Suite 765
Portland, OR 97201
(503) 242-0005

      Attorneys for Plaintiffs

DANIEL E. THENELL
KIRSTEN L. CURTIS
Thenell Law Group, P.C.
12909 S.W. 68th Parkway
Suite 320
Portland, OR 97223
(503) 372-6450

      Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion (#115) for Partial Summary Judgment as to Defendant's Affirmative Defense of "Concealment/Fraud."  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.


<u>BACKGROUND</u>

This action arises from Defendant Country Mutual Insurance Company's denial of coverage for a fire-loss claim submitted by Plaintiffs Stephen and Rena Muller.  The following facts are taken from the parties' summary-judgment materials and are undisputed unless otherwise noted.[1]

Plaintiffs own property in La Grande, Oregon.  Plaintiffs

---

[1]  Plaintiffs submitted a Concise Statement of Material Facts as part of their Motion.  Plaintiffs contend this Statement must be accepted as true inasmuch as Defendant's Response "does not rebut or submit any facts that contradict" their Statement. Federal Rule of Civil Procedure Rule 56 no longer requires the filing of a Concise Statement of Materials Facts, and Local Rule 56-1(a) for this District also state a party is not required to file a concise statement of fact "unless otherwise ordered." This Court's initial Case Management Order (#14) required the parties to file a Joint Statement of Agreed Facts in conjunction with the filing of any dispositive motion.  The parties advised the Court on July 31, 2015, that they would not be filing dispositive motions.  See Order #29 (issued Aug. 3, 2015). Accordingly, the Court's subsequent case-management orders did not include the requirement to file a Joint Statement of Agreed Facts.  When evaluating Plaintiffs' Concise Statement of Material Facts and Defendant's contentions in response, therefore, the Court will apply the standard of Rule 56(e)(3) to determine whether the parties' assertions of fact are properly supported in the record and/or whether any particular fact is substantively disputed.

live on the property and also run an automotive machine business in a large commercial building on the property next to their home.

Defendant issued three different insurance policies for Plaintiffs' property, which covered damage to Plaintiffs' home, business structure, business personal property and equipment, personal property, business income, and automobiles.

On November 18, 2012, a fire destroyed the commercial building and all of its contents.  According to Plaintiffs, on the morning of the fire they left their home around 9:00 a.m. to visit friends in Klamath Falls for the Thanksgiving holiday.  At approximately 1:15 p.m. while en route, Plaintiffs received a text message from neighbors that there was a fire on their property.  Plaintiffs turned around and returned to their home in La Grande.  Plaintiffs immediately reported the loss to Defendant.

On November 20, 2012, the Oregon State Fire Marshal's Office issued an investigation report regarding the fire and concluded the cause of the fire was "undetermined."  Also on approximately November 20, 2012, Plaintiffs' claim was referred by Defendant to a Special Investigation Unit (SIU).

On November 21, 2012, Joe Buckley, Defendant's Claim Representative, conducted a recorded interview of Stephen Muller. On November 28, 2012, Ryan Fields and Nick Flynn, Defendant's

special investigators, conducted recorded interviews of both
Plaintiffs.   On April 5, 2013, an attorney hired by Defendant
conducted an examination of Plaintiffs under oath regarding the
fire.   In each instance Plaintiffs stated they did not know the
cause of the fire and that they were not involved in either
setting the fire or conspiring with another person to set the
fire.   At Defendant's request, Plaintiffs submitted proof-of-loss
documents to Defendant, including repair estimates for the
structure, business personal property and personal property
inventories, and other supporting documentation regarding their
loss from the fire.

On June 27, 2013, Defendant's investigator issued an
Investigation Summary regarding the origin of the fire and its
cause.   In the Summary Defendant's investigator concluded:

> In total some 243 intentional ignition scenarios were
> considered and virtually all were eliminated except the
> intentional act.   No accidental cause for the fire was
> found during the extensive examination of the
> structure. . . .   These facts as well as those
> mentioned above support the opinion of a fire set
> intentionally by person(s) unknown.

On July 29, 2013, Defendant issued a Notice of Denial of
Coverage letter to Plaintiffs in which Defendant stated:

> [Defendant's] investigation concludes that the
> November 28, 2012, loss was incendiary and that
> [Plaintiffs] intentionally caused and/or conspired to
> cause the loss.

> Additionally, the policy is void when an insured makes
> a material misrepresentation.   [Plaintiffs']
> misrepresentations regarding the cause of the fire and

4 - OPINION AND ORDER

their financial situations at the time of their
recorded statements and examinations under oath were
material to [Defendant's] investigation.

On August 21, 2014, Plaintiffs filed a Complaint in this

Court and alleged claims for breach of contract and tortious

interference with business relationships.  On May 29, 2015,

Plaintiffs filed an Amended Complaint in which they allege a

single claim of breach of contract based on (1) Defendant's

failure to pay Plaintiffs' claim and (2) Defendant's alleged

breach of the implied covenant of good faith and fair dealing

when it failed to investigate the loss properly, to adjust the

claim, and to pay Plaintiffs for the losses they sustained as a

result of the fire.

On August 7, 2015, Defendant filed an Answer, Defenses, and

Affirmative Defenses to Plaintiffs' First Amended Complaint.

Defendant alleges Plaintiffs' fire claim is excluded from

coverage based on various terms of the applicable policies.

Specifically, Defendant's Affirmative Defense for

"Concealment/Fraud" states:

>      The Country Mutual Home Insurance Policy Number
>      A36K461993 provides . . . as follows:
>
>      ***General Policy Conditions***
>      ***(Includes Limitations)***
>
>                    * * *
>
>      ***Q. Concealment or Fraud***
>              *1. This entire policy shall be void if,*
>              *whether before or after the loss, an*

*"insured" has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of an "insured" therein, or in case of any fraud or false swearing by an "insured" relating thereto.*

The Country Mutual Commercial Policy Number AB9130736, by endorsement IL 01391202, provides . . . as follows:

**B. CONCEALMENT, MISREPRESENTATION OR FRAUD**

**1.** *Subject to Paragraphs 2. and 3. below, this entire Coverage Part or Coverage Form will be void if, whether before or after a loss, you have willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject of it, or your interest in it, or in case of any fraud or false swearing by you relating to it.*

Emphasis in original.  Defendant further alleges:

The above quoted language from the policies exclude coverage for the claim made by Plaintiffs, because the insured(s) misrepresented their involvement in the subject loss and made material misrepresentations regarding personal property items they claimed as part of the loss.

In their Motion for Partial Summary Judgment against Defendant's Affirmative Defense of "Concealment/Fraud" Plaintiffs contend there is not a genuine dispute of material fact because Defendant cannot produce evidence that it relied to its detriment on alleged misrepresentations by Plaintiffs.

## STANDARDS

Summary judgment is appropriate when "there is no genuine

6 – OPINION AND ORDER

dispute as to any material fact and the movant is entitled to
judgment as a matter of law." *Washington Mut. Ins. v. United
States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R.
Civ. P. 56(a). The moving party must show the absence of a
dispute as to a material fact. *Rivera v. Philip Morris, Inc.*,
395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly
supported motion for summary judgment, the nonmoving party must
go beyond the pleadings and show there is a genuine dispute as to
a material fact for trial. *Id.* "This burden is not a light one
. . . . The non-moving party must do more than show there is
some 'metaphysical doubt' as to the material facts at issue." *In
re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)
(citation omitted).

A dispute as to a material fact is genuine "if the evidence
is such that a reasonable jury could return a verdict for the
nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d
1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby,
Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all
reasonable inferences in favor of the nonmoving party. *Sluimer
v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary
judgment cannot be granted where contrary inferences may be drawn
from the evidence as to material issues." *Easter v. Am. W. Fin.*,
381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere
disagreement or bald assertion" that a genuine dispute as to a

material fact exists "will not preclude the grant of summary
judgment." *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-
1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)
(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir.
1989)).  When the nonmoving party's claims are factually
implausible, that party must "come forward with more persuasive
evidence than otherwise would be necessary." *LVRC Holdings LLC
v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense
determines whether a fact is material. *Miller v. Glenn Miller
Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the
resolution of a factual dispute would not affect the outcome of
the claim, the court may grant summary judgment. *Id.*


**DISCUSSION**

Plaintiffs assert they are entitled to summary judgment on
the grounds that (1) Defendant has failed to plead the necessary
element of reliance as part of its Affirmative Defense,
(2) Defendant cannot produce any evidence of detrimental
reliance, and (3) Defendant may not "mend its hold" by now
asserting an Affirmative Defense based on alleged
misrepresentations by Plaintiffs that Defendant chose not to
raise at the time Defendant denied Plaintiffs' claim.

Defendant, in turn, contends (1) it is not required to plead

8 - OPINION AND ORDER

reliance as an element of its fraud defense; (2) resolution of a
summary-judgment motion is not based on the sufficiency of the
pleading but rather the existence of a genuine dispute of
material fact such as the one that exists here, and, therefore,
the Court should not grant Plaintiffs' Motion; and (3) the "mend
the hold" doctrine does not apply in Oregon.

## I.  Reliance is a necessary element of Defendant's Affirmative Defense of "Concealment/Fraud."

Plaintiff contends Defendant must affirmatively plead and
prove Defendant relied on Plaintiffs' alleged misrepresentations
in order to state an Affirmative Defense of "Concealment/Fraud."

Defendant, however, contends reliance is not a required
element of its fraud defense.  Defendant asserts "[t]he plain
language of the policies states that [Defendant] *must* rely on any
misrepresentations to assert the defense to coverage."  Emphasis
added.  According to Defendant, all statements "in the absence of
fraud," therefore, are representations, and, therefore "if fraud
is present[, Defendant] need not demonstrate reliance."

Oregon Revised Statute § 742.208 governs an Affirmative
Defense of fraud in the insurance context and requires a fire-
insurance policy to contain a provision that identifies when a
policy is void because of an insured's misrepresentations:

> (1) Subject to subsection (2) and (3) of this section,
> this entire policy shall be void if, whether before or
> after a loss, the insured has willfully concealed or
> misrepresented any material fact or circumstance
> concerning this insurance or the subject thereof, or
> the interest of the insured therein, or in case of any

fraud or false swearing by the insured relating
thereto.

(2) All statements made by or on behalf of the insured,
in the absence of fraud, shall be deemed
representations and not warranties. . . .

(3) In order to use any representation by or on behalf
of the insured in defense of a claim under the policy,
the insurer must show that the representations are
material and that the insurer relied on them.

In *Allstate Ins. Co. v. Breeden* the Ninth Circuit set out the
following "relevant requirements" pursuant to Oregon law for an
insurance company to deny coverage under a fire-insurance policy
for concealment or fraud:  "(1) the insured has willfully;
(2) concealed or misrepresented; (3) a material fact or
circumstance; (4) concerning the insurance or the subject
thereof; (5) the representations are material; and (6) the
insurer relied on the misrepresentations."  216 F. App'x 655, 658
(2007)(citing *Eslamizar v. Am. States Ins.*, 134 Or. App. 138
(1995), and Or. Rev. Stat. § 742.208).  Similarly, in *Masood v.
Safeco Insurance Company of Oregon* the Oregon Court of Appeals
stated:

We have previously construed the term "reliance" in ORS
742.208 and concluded that the legislature intended
that term to mean reliance as that term is understood
as an element of common-law fraud.  Thus, the insurer
must establish "evidence of a detrimental action or
change in position."

275 Or. App 315, 332 (2015)(citations omitted).

Defendant, however, relies on *Mutual of Enumclaw Insurance
v. McBride*, 295 Or. 398 (1983), to support its position.  In

*McBride* the insurer brought a declaratory judgment action in state court to determine whether the insured committed fraud or false swearing.  As a defense to the insured's counterclaim for damages, the insurer asserted the policy was void based on fraud or false swearing.  Following a jury verdict that the insured had committed false swearing, the trial court entered judgment for the insurer.  The insured filed a motion for new trial on the ground that the court erroneously instructed the jury that "a preponderance of the evidence" is the standard of proof for determining damages.  According to the insured, the proper standard for determining damages was by clear and convincing evidence.  On appeal the Oregon Supreme Court held insurance fraud or false swearing is a purely civil dispute, and, therefore, the trial court properly instructed the jury that the standard of proof for determining damages was a preponderance of the evidence.  Thus, the Oregon Supreme Court addressed only the standard of proof required to determine damages rather than whether reliance was a required element of such a claim.

Based on *Breeden* and *Masood* this Court concludes Defendant must prove it relied on the Plaintiffs' alleged concealment or misrepresentations to prevail on an Affirmative Defense of "Concealment/Fraud".

## II.  Defendant adequately pled its Affirmative Defense of "Concealment/Fraud."

Plaintiff contends Defendant inadequately pleads reliance as

11 - OPINION AND ORDER

an element of its Affirmative Defense of "Concealment/Fraud."

The Ninth Circuit has held "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010)(citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)); *accord Schutte & Koerting, Inc. v. Swett & Crawford*, 298 F. App'x 613, 615 (9th Cir. 2008). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. It does not, however, require a detailed statement of facts. On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.' *McArdle v. AT&T Mobility, LLC*, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009)." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012)(citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Here Defendant alleges Plaintiffs made material misrepresentations regarding their involvement with the fire and as to their loss of personal property. Although Defendant has not explicitly alleged it relied on Plaintiffs' misrepresentations, the Court concludes on this record that Defendant's allegations of misrepresentation in conjunction with the quoted policy language sufficiently provide Plaintiffs with "fair notice" of the Affirmative Defense of "Concealment/Fraud" and, therefore, Defendant's Affirmative Defense does not "clearly

lack[] merit 'under any set of facts.'"  *See Simmons,* 609 F.3d at
1023, and *Kohler,* 280 F.R.D. at 564.  Accordingly, the Court
concludes Defendant's Affirmative Defense is adequately pled.

**III. There is not a genuine dispute of material fact regarding whether Defendant detrimentally relied on Plaintiffs' alleged misrepresentations.**

Plaintiffs contend there is not any evidence that Defendant
changed its position or acted to its detriment in reliance on any
alleged misrepresentation by Plaintiffs.  To support their
contention Plaintiffs assert the record does not reflect
Defendant made any claim payments, adjusted reserves, lost any
opportunity to investigate, or incurred extra costs as a result
of any such reliance.

According to Defendant, however, a genuine dispute of
material fact exists regarding its reliance on Plaintiffs'
misrepresentations that precludes summary judgment.  Defendant
points to the Declaration of Nick Flynn, one of Defendant's
special investigators, in support of that contention.  Flynn
testifies Defendant "believed Plaintiffs misrepresented material
facts in connection with their claims"; that Defendant "relied on
Plaintiffs' misrepresentations and incurred additional costs and
expenses above a normal claim investigation"; and that Defendant
"retained multiple experts to analyze Plaintiffs' businesses,
finances, and the cause and origin of the fire based on
Plaintiffs' material misrepresentations."  Flynn also testifies
the retention of these experts was "above the normal course of

investigation for a fire claim" and resulted in Defendant
incurring expenses of $321,000.  In addition, Flynn states
Defendant hired counsel to examine Plaintiffs under oath "based
on the misrepresentations made by Plaintiffs during their
recorded statements."  Flynn also states Defendant was unaware of
additional misrepresentations by Plaintiffs regarding their
business personal property loss until after Defendant received a
report from Gregory Cornwall on June 6, 2016.  According to
Defendant, the totality of these facts creates a genuine dispute
regarding Defendant's reliance on Plaintiffs' misrepresentations
and, therefore, preclude summary judgment.

Nevertheless, Plaintiffs maintain even if Defendant's
reliance on the alleged misrepresentations of Plaintiffs is
accepted as true, Defendant has not shown any such reliance was
detrimental.

The Court notes evidence of mere reliance is insufficient.
The insurer must show "it changed its position in some way based
on the misrepresentations made" by the insured.  *Masood,* 275
Or. App. at 332.  In *Masood* the Oregon Court of Appeals held
"reliance in fact cannot be proved by asserting, in general, that
the insurer relied on an insured to ascertain a loss.  Rather,
the insurer must show that it changed its position in some way
based on the misrepresentations."  *Id.*  Even though a jury found
the plaintiff misrepresented the value of items destroyed as a
result of the fire, the appellate court found the trial court

erred when it denied plaintiff's motion for a directed verdict on the insurer's counterclaim for breach of contract when there was not any evidence in the record that the insurer reasonably relied on those misrepresentations to its detriment.

In *Breeden* the Ninth Circuit held the insurer must show it "has acted or refrained from action to [its] detriment" in order to void an insurance policy based on the misrepresentations of the insured. 216 F. App'x at 659. The court also noted the Oregon Supreme Court "refused to recognize [expenses of] investigation alone as reliance." *Id.* (citing *Chaney v. Fields Chevrolet Co.*, 258 Or. 606 (1971)). The *Breeden* court concluded the "conclusory statement" of the insurer's representative did not establish reliance as a matter of law because the insurance company failed to submit evidence concerning the time and costs of a typical investigation of claims, did not give any quantification of the resources it expended, and did not offer any comparison of the costs of a typical investigation with those expended in this instance. Ultimately, however, the Ninth Circuit held there were numerous genuine disputes that precluded summary judgment in favor of the insurance company's position that the policy was void.

Here the Court concludes Flynn's conclusory statements, without more, do not raise an issue of material fact as to whether Defendant reasonably relied "to its detriment" on Plaintiffs' alleged misrepresentations sufficient to void the

15 - OPINION AND ORDER

policy.  Defendant did not make any payments to Plaintiffs based on their alleged misrepresentations that they were not involved in the fire nor any payments based on Plaintiffs' alleged misrepresentations as to the value of any personal property that purportedly was a part of their loss.  Defendant almost immediately commenced its investigation of the fire following the incident based on suspicions that the fire was not accidental, and Defendant denied coverage for the fire approximately eight months later following its investigation.  Moreover, Defendant has not shown any "quantitative analysis" as to the expenses it incurred for its investigation or expert consultation beyond what it would have incurred without Plaintiffs' alleged misrepresentations.  Accordingly, as in *Breeden,* the conclusion here that the $321,000 in expenses Defendant incurred for experts "was above the normal course of investigation for a fire claim" is insufficient to show detrimental reliance on the alleged misrepresentations by Plaintiffs because there is not any evidence as to such costs in a "typical" fire claim.

On this record, therefore, the Court concludes Defendant has not raised a genuine dispute of material fact from which a reasonable juror could conclude Defendant relied to its detriment on Plaintiffs' alleged misrepresentations, and, therefore, Plaintiffs are entitled to Partial Summary Judgment on Defendant's Affirmative Defense of "Concealment/Fraud."

## IV.  The "Mend the Hold" Doctrine

Finally, Plaintiffs contend Defendant may not "mend the hold" by changing the basis for its denial of coverage after litigation commenced, and, consequently, Plaintiffs argue the Court should bar Defendant from asserting new allegations of misrepresentations as part of Defendant's Affirmative Defense of "Concealment/Fraud"
that were not set forth in Defendant's original denial-of-coverage letter.

According to Defendant, however, the so-called "mend the hold" doctrine does not apply under Oregon law.  Even if it did apply, Defendant points out the misrepresentations that Defendant added in its Affirmative Defense were not known to Defendant at the time of its denial letter to Plaintiffs.  As a result, Defendant contends it may assert those additional misrepresentations now as a basis for its Affirmative Defense.

Inasmuch as the Court has already concluded Plaintiffs are entitled to Partial Summary Judgment on Defendant's Affirmative Defense of "Concealment/Fraud," the Court need not address the question whether the "mend the hold" doctrine applies under Oregon law or whether Defendant has improperly changed its position as to the basis for its Affirmative Defense of "Concealment/Fraud."

17 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion (#115) for Partial Summary Judgment on Defendant's Affirmative Defense of "Concealment/Fraud."

The Court reminds the parties that their jointly proposed Pretrial Order is due by March 22, 2017, and all other deadlines and case-management dates previously set remain in effect.

IT IS SO ORDERED.

DATED this _8ᵗʰ_ day of February, 2017.


_____
ANNA J.  BROWN
United States District Judge


18- ORDER