Daniel E. Thenell, OSB No.: 971655
dan@thenelllawgroup.com
Kirsten L. Curtis, OSB No.: 113638
Kirsten@thenelllawgroup.com
Thenell Law Group, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Phone:  (503) 372-6450
Fax: (503) 372-6496

Karen Southworth Weaver, OSB No.: 090637
weaver@sohalang.com
Soha & Lang, P.S.
1325 Fourth Ave., Ste 2000
Seattle, WA  98101-2570
Phone: (206) 624-1800
Fax: (206) 624-3583

Attorneys for Defendant Country Mutual Insurance Co.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **STEPHEN AND RENA MULLER**,<br><br>Plaintiffs,<br><br>vs.<br><br>**COUNTRY MUTUAL INSURANCE COMPANY**<br><br>Defendant. | Civil No. 3:14-cv-01345 BR<br><br>**COUNTRY'S MOTION TO CERTIFY ECF 129 DISMISSAL OF AFFIRMATIVE DEFENSE OF CONCEALMENT/FRAUD FOR FRCP 54(b) INTERLOCUTORY APPEAL OR AS CERTIFIED QUESTION TO OREGON SUPREME COURT PURSUANT TO ORS 28.200** |

## LR 7-1 CERTIFICATION

Defendant Country Mutual Insurance Company, hereinafter "Country", by and through

its attorneys, Soha & Lang, P.S. and Thenell Law Group, P.C., hereby certifies that counsel for

COUNTRY'S MOTION TO CERTIFY ECF 129 DISMISSAL OF AFFIRMATIVE DEFENSE … FOR INTERLOCUTORY APPEAL OR AS CERTIFIED QUESTION TO OREGON SUPREME COURT …– 1
No.  3:14-cv-01345 BR

1213.00041 jd14ey16h5

the parties have conferred concerning this motion and they were unable to resolve the issue by agreement.

## MOTION

Country respectfully moves pursuant to Fed. R. Civ. P. 54(b) and ORS 28.200 for an order certifying this Court's ECF 129 summary dismissal of Country's Affirmative Defense of Concealment/Fraud to the Ninth Circuit for interlocutory appeal, or that this Court certify the question set forth below to the Oregon Supreme Court. In the alternative, this Court may choose to reverse such dismissal and allow Country's Affirmative Defense to go to trial with jury instructions and verdict form consistent with *Allstate Ins. Co. v. Breeden,* 410 Fed.Appx. 6 (9th Cir. 2010) ("*Breeden III*").

Country respectfully submits that this Court's dismissal of Country's Affirmative Defense was inconsistent with the Ninth Circuit's opinion in *Breeden III,* that *Masood v. Safeco Ins. Co. of Oregon,* 275 Or. App. 315 (2015), *review denied,* 359 Or. 525 (2016) (hereinafter "*Masood*") does not require a result different from *Breeden III,* and that this Court's weighing of evidence offered by Country failed to construe evidence most favorably to the non-moving party. Country further submits that judicial economy would be best served by this Court allowing Country's Affirmative Defense to go to trial; that judicial economy would be next-best served by certification to the Ninth Circuit or the Oregon Supreme Court; and that the current dismissal of the Affirmative Defense is likely to result in appeals and retrial.

Country proposes the following question for certification to the Oregon Supreme Court:

Where:
   – A property insurer denies coverage for destruction by fire of covered
     property on grounds including that the insured(s) individually or in
     conspiracy with others intentionally caused the fire and that the

COUNTRY'S MOTION TO CERTIFY ECF 129 DISMISSAL OF AFFIRMATIVE DEFENSE ... FOR
INTERLOCUTORY APPEAL OR AS CERTIFIED QUESTION TO OREGON SUPREME COURT ... – 2
No. 3:14-cv-01345 BR

insured(s) thereafter misrepresented their involvement in the subject loss and misrepresented facts about motives for such conduct, and in doing so the insurer relies on policy provisions compliant with ORS 742.208; and

— the insureds thereafter sue to compel the insurer to pay the fire loss;

is the insurer barred from raising ORS 742.208 and its related policy provision as an affirmative defense on the basis that the insurer did not detrimentally rely on the insureds' misrepresentations because the insurer did not pay the loss?

Movant hereby certifies that this motion and memorandum comply with LR 7-2(b), because it contains 2,923 words, including headings, footings and quotations, but excluding the caption, signature block, exhibits, and certificates of counsel. In support of this motion, Country relies on the following Memorandum, the docket herein and particularly, but without limitation, dkts. 22, 30, 115, 122, 127, 129, 137-144 and the Declaration of Karen Weaver in support of this motion (including exhibits to any of these).

## I.    PROCEDURAL BACKGROUND AND SUMMARY OF RELIEF REQUESTED

On February 10, 2017, this Court entered as Dkt. 129 its Opinion and Order on the parties' cross-motions for full and partial summary judgment.  In section III. of that order (dkt. 129, pp. 13-16), this Court applied literally certain statements regarding the reliance element of ORS § 742.208, set forth in *Masood v. Safeco Ins. Co. of Oregon,* 275 Or. App. 315 (2015), *review denied,* 359 Or. 525 (2016) (hereinafter "*Masood*"), and in *Breeden II* (*Allstate Ins. Co. v. Breeden,* 216 F. App'x 655 (2007) (hereinafter "*Breeden II*")), to conclude that Country's Affirmative Defense of Concealment/Fraud must be dismissed on partial summary judgment because no reasonable juror in this case could conclude that Country "relied to its detriment on Plaintiffs' alleged misrepresentations[.]" (Dkt. 129, p. 16).  This Court also ruled that evidence proffered by Country of above-normal costs incurred by Country for investigation, expert and

COUNTRY'S MOTION TO CERTIFY ECF 129 DISMISSAL OF AFFIRMATIVE DEFENSE ... FOR INTERLOCUTORY APPEAL OR AS CERTIFIED QUESTION TO OREGON SUPREME COURT ...– 3
No. 3:14-cv-01345 BR

1213.00041 jd14ey16h5

legal expenses due to the question of the insureds' truthfulness were insufficient as a matter of law to raise a question of material fact regarding detrimental reliance.  Dkt. 129 at pp. 14-15.

Country respectfully submits that this Court's legal ruling was inconsistent with *Breeden III;* that *Masood* does not require a result different from *Breeden III;* that the Court's interpretation of evidence offered by Country failed to construe evidence most favorably to the non-moving party; and that allowing trial to go forward without Country's Affirmative Defense does not serve justice or judicial economy.

Country respectfully seeks an order either certifying dismissal of Country's Affirmative Defense for interlocutory review by the Ninth Circuit (via Fed. R. Civ. P. 54(b)) or sending a certified question to the Oregon Supreme Court (per ORS 28.200).  In the alternative, this Court should elect to reverse its summary dismissal of Country's Affirmative Defense and send the issue to the jury with instructions consistent with those affirmed in *Breeden III* and a Special Verdict form.  If any issues remain for appeal after the jury renders its verdict, they could be appealed at that time.  This would be consistent with Ninth Circuit decisions and Oregon substantive law and would maximize judicial economy consistent with Fed.R.Civ.P. 1.

## II.    LEGAL AUTHORITIES AND ARGUMENT

### A.    Ninth Circuit opinions in *Allstate Ins. Co. v. Breeden*, especially *Breeden III*, require reinstatement of Country's Affirmative Defense.

#### 1.    The three *Breeden* appeal rulings.

The case of *Allstate Ins. Co. v. Breeden,* Case No. 3:01-cv-01686 (D. Oregon) involves factual and legal issues similar to those at issue in this case, particularly an insurer's defenses under ORS § 742.208 and related policy language.  The *Breeden* case generated three different Ninth Circuit opinions:  *Allstate Ins. Co. v. Breeden,* 105 Fed. Appx. 217 (9th Cir. 2004)

COUNTRY'S MOTION TO CERTIFY ECF 129 DISMISSAL OF AFFIRMATIVE DEFENSE … FOR
INTERLOCUTORY APPEAL OR AS CERTIFIED QUESTION TO OREGON SUPREME COURT …– 4
No.  3:14-cv-01345 BR

1213.00041 jd14ey16h5

("*Breeden I*"); 216 Fed. Appx. 655 (9th Cir. 2007) ("*Breeden II*"); 410 Fed. Appx. 6 (9th Cir.

2010) ("*Breeden III*").   Mr. Lauersdorf, Plaintiffs' counsel here, was counsel for Allstate in

*Breeden.*  This Court's Opinion and Order at dkt. 129 refers to *Breeden II,* but not to *Breeden*

*III.*

Prior to the first two *Breeden* Ninth Circuit opinions, the trial judge had entered

summary judgment in favor of Allstate, voiding a fire policy due to misrepresentations by the

insured in submitting his claim.  In *Breeden I,* the Ninth Circuit reversed because the trial judge

had relied on an auto insurance case; it remanded for reconsideration under different caselaw.

105 Fed. Appx. at 219.  On remand, the trial judge entered summary judgment in favor of

Allstate and against Breeden.  In *Breeden II,* the Ninth Circuit again reversed and remanded,

because numerous issues of fact required a trial.  216 Fed. Appx. at 660.

The case went to trial, with jury instructions and a Special Verdict, and the jury found in

favor of Allstate, voiding coverage under the policy.  The insured appealed.  On appeal, the

Ninth Circuit affirmed, approving the jury instructions used at trial, especially on the issue of

the insurer's reliance on the insured's misrepresentations.  The court expressly stated,

"Contrary to Breeden's argument, *Eslamizar* [*v. Amer. States Ins.. Co.,* 134 Or. App. 138

(1995)] does not require Allstate to show it believed Breeden's misrepresentations in order to

establish that it relied on those misrepresentations." 410 Fed. Appx. at 8.  A copy of the jury

instructions and verdict form in *Breeden* are attached to the Declaration of Karen Weaver, filed

herewith.  Copies of jury instruction nos. 12 and 15 only are attached hereto as Appendix A.

This Court's Opinion and Order at dkt. 129 relied in part on language in *Breeden II* but

did not mention *Breeden III.*  This Court dismissed Country's Affirmative Defense of

COUNTRY'S MOTION TO CERTIFY ECF 129 DISMISSAL OF AFFIRMATIVE DEFENSE … FOR
INTERLOCUTORY APPEAL OR AS CERTIFIED QUESTION TO OREGON SUPREME COURT …– 5
No.  3:14-cv-01345 BR

1213.00041 jd14ey16h5

Concealment / Fraud because, relying on selected language in *Masood, supra* and *Breeden II,*

it found that evidence submitted by Country did not raise a genuine issue of material fact as to

whether Country had detrimentally relied on Plaintiffs' alleged misrepresentations. Dkt. 129 at

pp. 14-16. Plaintiffs argued, and this Court appeared to agree, that because Country denied the

claim, "there is not any evidence that Defendant *changed its position* or *acted to its detriment*

in reliance on any alleged misrepresentation by Plaintiffs." Dkt. 129 at p. 13 (emphasis

supplied).

### 2.   This Court's dismissal of Country's Affirmative Defense of Concealment/Fraud misinterprets *Breeden.*

Plaintiffs' reliance on *Breeden II* to argue that Country's Affirmative Defense should

not even go to trial is directly contrary to the Ninth Circuit's remand for trial in *Breeden II* and

to its approval of jury instructions in *Breeden III*. The Ninth Circuit opinion in *Breeden II*

merely found questions of fact precluding summary judgment; it did not dismiss Allstate's

claim. 216 Fed. Appx. 655. The opinion in *Breeden II* found that disputed issues of material

fact required a trial. 216 Fed. Appx. At 658-69. On remand, the jury found in favor of

Allstate. In *Breeden III,* the Ninth Circuit approved the jury instructions and affirmed the

verdict. The Ninth Circuit stated:

> The district court's Jury Instruction No. 12 recited Or.Rev.Stat. § 742.208(1)
> nearly verbatim. Similarly, Jury Instruction No. 15 was closely patterned on
> language from *Eslamizar*. Contrary to Breeden's argument, *Eslamizar* does not
> require Allstate to show it believed Breeden's misrepresentations in order to
> establish that it relied on those misrepresentations. Nothing in the court's other
> jury instructions misstated the law with respect to the question of reliance.
> Therefore, we conclude that the district court's instructions were proper and that
> the court did not err in rejecting Breeden's proposed jury instructions.

410 Fed. Appx. at 8 (underline supplied). The *Breeden* jury instructions therefore provide a

COUNTRY'S MOTION TO CERTIFY ECF 129 DISMISSAL OF AFFIRMATIVE DEFENSE ... FOR
INTERLOCUTORY APPEAL OR AS CERTIFIED QUESTION TO OREGON SUPREME COURT ...– 6
No. 3:14-cv-01345 BR

1213.00041 jd14ey16h5

template, approved by the Ninth Circuit, for submitting claims of misrepresentation to the jury, not for taking those claims out of the case prior to trial.

### B. *Masood* Does Not Require Dismissal of Country's Affirmative Defense of Concealment/Fraud.

Plaintiffs may argue that the subsequent Oregon case of *Masood v. Safeco, supra,* justifies summary dismissal of Country's Affirmative Defense. This would be incorrect.

In *Masood,* the insured's multi-million-dollar home was completely destroyed by fire. There was no question or allegation of arson by the insured or that the origin of the house fire was suspicious. Only values of specific personal property items (chandeliers, kitchen cabinetry and the AV system) had been misrepresented. Even if these items were entirely excluded from the loss, the total fire loss nonetheless exceeded policy limits. Safeco sought to deny coverage for the entire loss based on the misrepresentations as to only those three elements of personal property. The case was tried to a jury, including the insurer's misrepresentation defense. The jury found for Safeco.

Using terminology of detrimental reliance, the Oregon Court of Appeals coordinated the scope of the misrepresentation with actual impact on the insurer's duty to pay. It did not allow misrepresentations as to the value of a few items of personal property to void coverage for *innocent* loss of the insured's entire multi-million-dollar home. There was no allegation that the insured had *caused* the loss itself. Such, however, is not the case here. Here the insureds and/or co-conspirators are alleged to have *caused the entire loss* (in addition to misrepresenting contents and values) and to have lied about all of those facts as well as their motives for doing so. They seek to exclude any evidence regarding their financial position, value of claimed contents, whether certain contents could even have been present on the property and other

COUNTRY'S MOTION TO CERTIFY ECF 129 DISMISSAL OF AFFIRMATIVE DEFENSE ... FOR INTERLOCUTORY APPEAL OR AS CERTIFIED QUESTION TO OREGON SUPREME COURT ...– 7
No. 3:14-cv-01345 BR

1213.00041 jd14ey16h5

significant issues. *See,* dkts. 137-144 (motions to exclude evidence and experts). Dismissal of Country's Affirmative Defense does not promote proportionality; it precludes Country from relying on statutorily mandated language in its policies.

Country declined to pay this loss, but the insureds here are suing to *compel Country to pay* the loss -- *i.e.,* they are seeking to compel Country to detrimentally rely on their misrepresentations and pay for their misdeeds. For Plaintiffs to argue that Country cannot rely on ORS 742.208 or parallel policy language simply because Country detected the misrepresentations does not follow *Masood* or ORS 742.208. It ignores the clear purpose and mandatory language of ORS 742.208; it ignores statutorily required clauses in the policies; and it violates public policy against arson and fraud.

*Masood* is wholly reconcilable with *Breeden III. Breeden* correctly requires that the jury be allowed to consider all of the evidence and to determine materiality and reliance (as also occurred in *Masood*). *Masood* simply imposed proportionality on the facts presented. Here, "proportionality" would be denial of all coverage. Here, as in *Breeden,* the correct course is to allow Country's Affirmative Defense to go to trial.

If the Court disagrees with the above legal analysis, interlocutory appeal to the Ninth Circuit or certification of the legal question to the Oregon Supreme Court would be appropriate.

**C.    This Court Should 1) Reverse Its Own Ruling, 2) Certify for Interlocutory Appeal, or 3) Certify the Question to the Oregon Supreme Court.**

**1.    This Court should reinstate Country's Concealment/Fraud Affirmative Defense for trial.**

A trial court has discretion to change its interlocutory rulings:

COUNTRY'S MOTION TO CERTIFY ECF 129 DISMISSAL OF AFFIRMATIVE DEFENSE ... FOR INTERLOCUTORY APPEAL OR AS CERTIFIED QUESTION TO OREGON SUPREME COURT ...– 8
No. 3:14-cv-01345 BR

1213.00041 jd14ey16h5

> While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F. Supp. 568, 572 (N.D. Cal. 1981) (Schwartzer, J.).

*Mueller v. Auker*, 2009 WL 3806280 (D. Idaho 2009).

Country submits that the most correct, and certainly the most efficient, approach in this case is to send Country's Affirmative Defense to trial with appropriate jury instructions and verdict form, as occurred in *Breeden*. Country has discussed applicable law above.

Allowing Country's Affirmative Defense to go to trial would certainly promote judicial economy. The Rules instruct the federal courts to handle cases in a manner that secures the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Sending this case to trial without Country's Affirmative Defense of Concealment/Fraud will cause significant inefficiency and extra expense, because Country would thereafter appeal, with substantial possibility of a second trial. Plaintiffs are already vigorously seeking to exclude several of Country's experts, as well evidence of prior fires and of misrepresentations by plaintiffs, on the basis that such testimony is relevant only to Country's Affirmative Defense. *E.g.,* dkts. 139, 140, 142, 143, 144. The "*Daubert* hearing" currently set for May 16 in reality seeks to exclude expert witness testimony as irrelevant and prejudicial, rather than as scientifically improper, because such testimony would validate Country's concerns about arson, loss causation and loss value. While Country strongly opposes those motions, absence of Country's Affirmative Defense would affect the balance of relevance versus prejudice in determining admissibility of evidence and expert testimony. Absence of the Affirmative

COUNTRY'S MOTION TO CERTIFY ECF 129 DISMISSAL OF AFFIRMATIVE DEFENSE … FOR INTERLOCUTORY APPEAL OR AS CERTIFIED QUESTION TO OREGON SUPREME COURT …– 9 No. 3:14-cv-01345 BR

1213.00041 jd14ey16h5

Defense, and the concomitant evidence, similarly precludes correct and full arguments and explanation of Country's theory of the case to the jury and would preclude Special Verdict Form questions to the jury on key elements of Country's defenses. Consequently, omission of this defense is highly prejudicial and retrial would be necessary.

In *Breeden,* the issue of misrepresentation and reliance gave rise to three separate appeals. Here, Plaintiffs seek to exclude a defense for which *Breeden III* provides an approved template for jury instructions and verdict form. Unless the jury finds for Country even without this Affirmative Defense, there will certainly be an appeal, and likely a retrial. Reinstating the Affirmative Defense for trial, while following the *Breeden* template for jury instructions and Special Verdict questions will prevent duplication of effort and expense without prejudice to either party.

### 2. 54(b) certification would promote judicial efficiency and avoid double trials.

Fed. R. Civ. P. 54(b) allows the District Court to certify for interlocutory review a final ruling on distinct claims. Courts in the Ninth Circuit apply a "pragmatic approach" to Rule 54(b) certification, "focusing on severability and efficient judicial administration." *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519, 1527 (9th Cir. 1987). A District Court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8 (1980). *Accord, McLean v. Pine Eagle Sch. Dist.,* 3:15-cv-654-SI, 2016 WL 5661925, at *1 (D. Or. Sept. 29, 2016).

As discussed above, excluding Country's Affirmative Defense from trial advances neither the equities nor efficient judicial administration. If there is doubt as to the appropriate

COUNTRY'S MOTION TO CERTIFY ECF 129 DISMISSAL OF AFFIRMATIVE DEFENSE … FOR
INTERLOCUTORY APPEAL OR AS CERTIFIED QUESTION TO OREGON SUPREME COURT …– 10
No. 3:14-cv-01345 BR

1213.00041 jd14ey16h5

legal rule to apply, certification to the Ninth Circuit will advance the just and efficient handling

of this case by resolving that issue before trial. This will ultimately save costs for all involved.

### 3. Direct certification of the legal question to the Oregon Supreme Court.

ORS § 28.200 authorizes the Oregon Supreme Court to answer questions of law

certified to it by a United States District Court or by the Ninth Circuit:

> The [Oregon] Supreme Court may answer questions of law certified to it
> by . . . a United States District Court . . . when requested by the
> certifying court if there are involved in any proceedings before it
> questions of law of this state which may be determinative of the cause
> then pending in the certifying court and as to which it appears to the
> certifying court there is no controlling precedent in the decisions of the
> [Oregon] Supreme Court and the intermediate appellate courts of this
> state.

Country respectfully submits that certification to the Ninth Circuit is most appropriate

because *Breeden* and *Masood* can be reconciled, as discussed above. If the Ninth Circuit has

doubts about reconcilability of those cases, ORS 28.200 allows for certification by the Ninth

Circuit to the Oregon Supreme Court. However, this Court also has authority to certify the

legal question to the Oregon Supreme Court directly, should it prefer.

## III.    <u>CONCLUSION AND RELIEF REQUESTED</u>

Country respectfully requests that this Court:

1) Reverse its prior decision and send Country's Affirmative Defense of

    Concealment/Fraud to trial;

2) Certify the dismissal of Country's Affirmative Defense for interlocutory appeal to

    the Ninth Circuit under Rule 54(b); or

3) Certify the legal question to the Oregon Supreme Court.

COUNTRY'S MOTION TO CERTIFY ECF 129 DISMISSAL OF AFFIRMATIVE DEFENSE … FOR
INTERLOCUTORY APPEAL OR AS CERTIFIED QUESTION TO OREGON SUPREME COURT …– 11
No. 3:14-cv-01345 BR

1213.00041 jd14ey16h5

Resolving this issue prior to a trial that omits Country's Affirmative Defense will advance the just, speedy and economical resolution of this case.

Respectfully submitted this 14th day of April, 2017.

SOHA & LANG, P.S.

By:   *Karen Southworth Weaver*
    Karen Southworth Weaver, OSB No. 090637
    Email: weaver@sohalang.com
    1325 Fourth Avenue, Suite 2000
    Seattle, WA 98101
    Phone: 206-624-1800
    Fax: 206-624-3585

THENELL LAW GROUP, P.C.

By:   *Daniel E. Thenell*
    Daniel E. Thenell, OSB No. 971655
    Email: dan@thenelllawgroup.com
    Kirsten L. Curtis, OSB No. 113638
    Email: Kirsten@thenelllawgroup.com
    12909 SW 68th Pkwy, Suite 320
    Portland, OR 97223
    Phone: (503) 372-6450
    Fax: (503) 372-6494
    For Defendant Country Mutual Ins. Co.

COUNTRY'S MOTION TO CERTIFY ECF 129 DISMISSAL OF AFFIRMATIVE DEFENSE … FOR
INTERLOCUTORY APPEAL OR AS CERTIFIED QUESTION TO OREGON SUPREME COURT …– 12
No.  3:14-cv-01345 BR

1213.00041 jd14ey16h5

APPENDIX A

FILED
FEB 2 0 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLSTATE INSURANCE COMPANY,     )
an Illinois corporation,        )
                                )     Civil Case No. 01-1686-KI
                Plaintiff,       )
                                )
    vs.                         )
                                )
RALPH B. BREEDEN,               )
                                )
                Defendant.       )
_____ )

# JURY INSTRUCTIONS

Dated this _____ 20 ⁷⁄ _____ day of February, 2009.

_____
Garr M. King
United States District Judge

## INSTRUCTION NO. 12

Allstate claims the fire insurance policy it issued to Mr. Breeden is void.

For any fire insurance policy in the State of Oregon, including the policy in this case, the entire policy is void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning the insurance or the subject of the insurance, or the interest of the insured in the subject of the insurance, or in case of any fraud or false swearing by the insured relating to the subject of the insurance.

In order to use any representation by or on behalf of the insured in defense of a claim under the policy, the insurer must show that the representations are material and that the insurer relied on them.

## INSTRUCTION NO. 15

The insurance company relied upon the insured's misrepresentations or concealments if the insurance company acted or refrained from acting to its detriment. For example, you may find that the insurance company acted to its detriment if you find the insurance company calculated its risk or incurred additional expenses in conducting its investigation because of the insured's misrepresentations or concealments.