IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEPHEN MULLER and
RENA MULLER,

    Plaintiffs,

v.

COUNTRY MUTUAL
INSURANCE CO.

    Defendant.

No. 3:14-cv-01345-MO

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on Defendant Country Mutual Insurance Co.'s ("Country Mutual") Motion for a New Trial and Renewed Motion for Judgment as a Matter of Law [259]. For the reasons below, I DENY Country Mutual's Motions.

## BACKGROUND

This case arises out of a fire in 2012, in which the Mullers' house, business (machine shop), and 1967 Mustang were all damaged. After investigation, Country Mutual denied the Mullers' claim, concluding that Mullers had intentionally started the fire. The Mullers brought suit in August 2014 and sought recovery for breach of express contract.[1] [1].

---

[1] The Mullers originally brought a claim for breach of the implied covenant of good faith and fair dealing, but voluntarily dismissed this claim before trial.

1 – OPINION AND ORDER

Their claims culminated in an eight-day jury trial in June 2017. Prior to trial, the Mullers successfully moved to exclude evidence that they had been involved in four previous fires at a house, motorhome, and commercial property in 1972, 1994, 2003 or 2004, and 2006. The jury found for the Mullers on their breach of contract claim and awarded damages for $1,082,500. [246]. These damages include $186,000 in damages related to structures, $570,000 in damages related to business property, $256,000 in damages related to personal property, $25,000 in damages related to business income, and $45,000 in damages related to automobiles. [246].

Country Mutual now moves for a new trial and for renewed judgment as a matter of law regarding replacement cost of personal property. [259]. Country Mutual argues a new trial is warranted because: (1) it discovered new evidence that would have changed the outcome of the trial; (2) the Court erred by admitting evidence that the Mullers were not charged with a crime; (3) the Court erred by instructing the jury that the Mullers were not charged with a crime and by not instructing the jury on the definition of reasonable doubt; (4) the Court erred by not admitting the Mullers' prior fires; (5) the Court erred by denying Country Mutual's motion in limine regarding evidence of replacement cost value; (6) the Court erred by not granting judgment as a matter of law that personal automotive parts were not covered by the policy; and (7) the cumulative errors denied Country Mutual a fair trial. [259]. Country Mutual also renews its motion for judgment as a matter of law regarding replacement cost of personal property. [259].

## LEGAL STANDARD

"The court may, on motion, grant a new trial . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting

2 – OPINION AND ORDER

*Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). The court may grant a motion for a new trial on the basis of newly discovered evidence. *Defs. of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000). "[T]he district court, in considering a Rule 59 motion for new trial, is not required to view the trial evidence in the light most favorable to the verdict. Instead, the district court can weigh the evidence and assess the credibility of the witnesses." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014).

When addressing a renewed motion for judgment as a matter of law, the Court must "uphold the jury's award if there was any 'legally sufficient basis' to support it." *Id.* (quoting *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 859 (9th Cir. 2002)). "In making that determination, the district court considers all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party . . . ; the court may not make any credibility determinations or reweigh the evidence." *Id.*

## DISCUSSION

### I. New Trial on the Basis of Newly Discovered Evidence.

Country Mutual first argues the Court should grant a new trial on the basis of newly discovered evidence. [259] at 4–6. After the trial, Stephen Muller's sister, Jeanette Allured, contacted Country Mutual and claimed she had information showing the Mullers set several prior fires intentionally. [259] at 4–6. In a statement and an interview with Country Mutual, Ms. Allured alleged: (1) in 1994, Stephen Muller told her that he intentionally set the 1994 fire; (2) Stephen Muller had also told her that he intentionally set the 1972 house fire; (3) Stephen Muller's ex-wife, Lupe Cameron, told Ms. Allured that she saw Rena Muller on the day of the 2003 or 2004 shop fire at the site of the fire, despite the fact the Mullers said they were out of town that day; and (4) Stephen Muller's daughter, Yvette Schneider, told Ms. Allured that she

thought her father tried to over-explain his innocence in the 2006 garage fire by sharing detailed information about the type of car that caught on fire. Allured Decl. [260] at 1–5.

To succeed on its motion, Country Mutual "must establish that (1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." *Defs. of Wildlife*, 204 F.3d at 929. Because the Mullers do not dispute that Ms. Allured's statements are "newly discovered," I focus on the remaining two factors.

### a. Whether Country Mutual exercised due diligence

Country Mutual argues it could not have discovered Ms. Allured, Lupe Cameron, or Ms. Schneider through the exercise of due diligence. Country Mutual's main arguments are that Ms. Allured did not come up in a background check of Stephen Muller, that Mr. Muller was not forthcoming about his daughter's name or place of residence in a deposition, that Country Mutual's investigator did not find anyone related to the Mullers in California, and that the insurance companies tied to the prior fires had no information. [259] at 7–10. The Mullers argue that Country Mutual never asked Stephen Muller about his siblings or followed up on the information he gave about his children in depositions. Response [275] at 6–13.

"The application for a new trial will be denied where it appears that the degree of activity or diligence which led to the discovery of the evidence after the trial would have produced it had it been exercised prior thereto." *United States v. Bransen*, 142 F.2d 232, 235 (9th Cir. 1944). In *Lavino v. Jamison*, 230 F.2d 909 (9th Cir. 1956), the Ninth Circuit concluded that the failure to locate a witness was excusable based in part on conduct by the non-moving party. There, the appellants had relied on the appellee's statements that they did not know of the witness's whereabouts nor did they believe he would appear at trial as a witness. *Id.* at 912. Similarly, in

4 – OPINION AND ORDER

*Chang v. City of Albany*, 150 F.R.D. 456 (N.D.N.Y. 1993), the court concluded that the plaintiff exercised due diligence in finding witnesses to his arrest. The court noted there was some evidence the defendants knew of the existence of key witnesses discovered post-trial by the plaintiff. *Id.* at 460. The *Chang* court also concluded, "[t]his is simply a case where the witnesses were unknown to the parties and the pending action unknown to the potential witnesses." *Id.* But in *Jay Edwards, Inc. v. New England Toyota Distributor, Inc.*, 708 F.2d 814 (1st Cir. 1983), the court concluded that a losing party had failed to show due diligence because the "new evidence" consisted of computer printouts that former employees had in their possession prior to trial. *Id.* at 824–25. The court noted, "[w]e cannot be impressed by the diligence of a party that fails to uncover evidence during four years of discovery that it manages to retrieve four weeks after losing the lawsuit." *Id.* at 825.

Unlike in *Jay Edwards, Inc.*, there is no evidence Country Mutual knew of Ms. Allured's existence or knowledge prior to trial. *See* 708 F.2d 814. And Country Mutual had little reason to seek out individuals from the Mullers' past, particularly those without ties to the 2012 fires. On the other hand, unlike in *Lavino* and *Chang*, there is no evidence the Mullers hid Ms. Allured's existence or otherwise misled Country Mutual. *See Lavino*, 230 F.2d 909; *Chang*, 150 F.R.D. 456. And Country Mutual could have asked the Mullers about siblings or other individuals who knew them at the time of the prior fires. Without a showing of fault on the Mullers' part or a reason why Country Mutual should have discovered Ms. Allured earlier, I conclude this factor weighs in favor of neither party.

### b. Whether the evidence would likely have changed the outcome of the case

The analysis turns on two questions: (1) whether Ms. Allured's statements were admissible and would provide a new basis for allowing the admission of evidence of some or all

of Stephen Muller's prior fires to show intent, absence of mistake, motive, or plan; and (2) whether the admission of Ms. Allured's statements and any new evidence about the prior fires would have changed the outcome at trial.

Evidence must be admissible to warrant a new trial. *Wolcher v. United States*, 233 F.2d 748, 749 (9th Cir.1956) ("One important reason such alleged newly discovered evidence is insufficient ... is that such evidence would be inadmissible...."); *United States v. Hill*, 737 F.3d 683, 687 (10th Cir. 2013); *Murdock v. United States*, 160 F.2d 358, 362 (8th Cir. 1947). I concluded before trial that evidence of the prior fires was not admissible for the purposes of showing intent, knowledge, or absence of mistake under Federal Rule of Evidence 404(b). Order [223] at 1. Here, the question is whether Ms. Allured's statements alter this analysis.

Federal Rule of Evidence 404(b) prohibits the introduction of evidence about prior bad acts "in order to show that on a particular occasion the person acted in accordance with the character," but such evidence may be admissible to show "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). "Evidence is admissible under Rule 404(b) only if it is relevant." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). In the context of prior similar acts, "evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Id.* "The test for admitting evidence under 404(b) is whether: 1) it tends to prove a material fact; 2) the prior act is not too remote in time; 3) the evidence is sufficient to support a finding that the defendant committed the act; and 4) where knowledge and intent are at issue, the act is similar to that charged." *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288–89 (9th Cir. 1996). "The probative value of the evidence must also not be substantially outweighed by the danger of unfair prejudice" under Federal Rule of Evidence 403. *Id.*

#### i. The 2003/2004 and 2006 fires

Ms. Allured's information about the 2003/2004 and 2006 fires comes from statements allegedly made by Lupe Cameron, Stephen Muller's ex-wife, and Yvette Schneider, Stephen Muller's daughter. Allured Decl. [260] at 1–5. Country Mutual does not dispute that Ms. Allured's statements about Ms. Cameron's and Ms. Schneider's statements are inadmissible hearsay. [259] at 11–14. Country Mutual instead argues that it should be allowed to depose Yvette Schneider and Lupe Cameron to provide further admissible evidence about the 2003/2004 fire and the 2006 fire. [259] at 11–14. But the Ninth Circuit has explicitly stated that a party "cannot [] use a Rule 59(a) Motion to extend the discovery deadline," *Defs. of Wildlife*, 204 F.3d at 929. Additionally, the evidence that Ms. Cameron saw the Mullers at the shop the day of the 2003/2004 fire is cumulative of the testimony of other witnesses at trial, and Ms. Cameron and Ms. Schneider contest Ms. Allured's version of events surrounding the 2003/2004 and 2006 fires. Schneider Decl. [272] at 1–2; Cameron Decl. [297-1] at 3. *See Mesarosh v. United States*, 352 U.S. 1, 9 (1956) ("[N]ew evidence which is merely cumulative or impeaching is not, according to the often-repeated statement of the courts, an adequate basis for the grant of a new trial." (internal quotation marks omitted)). Without more, Country Mutual has no new admissible evidence about the 2003/2004 and 2006 fires. *See Hill*, 737 F.3d at 687 ("Implicit in a claim of newly discovered evidence is that there is new evidence—that is, material that is admissible at trial.").

#### ii. The 1972 and 1994 fires

That leaves Ms. Allured's allegations regarding Stephen Muller's statements about the 1972 and 1994 fires. The Mullers argue these statements are inadmissible under FRE 404(b) because they are too remote in time to be reliable. Response [275] at 4–6. Courts have admitted

7 – OPINION AND ORDER

evidence of prior acts that occurred eleven, thirteen, and even twenty years prior, where the acts were sufficiently similar to a charged crime or relevant act. *See United States v. Williams*, 308 F.3d 833, 837 (8th Cir. 2002*); United States v. Mejia-Uribe*, 75 F.3d 395, 398 (8th Cir. 1996); *United States v. Norman*, No. CR-90-1079-01-JET, *aff'd*, 8 F.3d 32 (9th Cir. 1993) (unpublished).

The 1972 fire occurred forty years before the 2012 fire. Country Mutual concedes it has little information about the 1972 fire, and it points to no similarities between the 1972 and 2012 fires. Thus, I conclude Ms. Allured's statements about the 1972 fire and other evidence about the fire would not be admissible under FRE 403 and 404(b).

Regarding the 1994 fire, there are some reasons Ms. Allured's statements might be admissible and might have allowed for the admission of the 1994 fire under FRE 403 and 404(b). If the Mullers set the 1994 fire in circumstances similar to those surrounding the 2012 fire, it would tend to prove the material fact that they also set the 2012 fire. The 1994 fire occurred eighteen years prior to the 2012 fire, which is not necessarily too remote in time. *See, e.g., Williams*, 308 F.3d at 837. And there are some similarities between what Ms. Allured alleges about the 1994 fire and the circumstances of the 2012 fire. According to Ms. Allured, the Mullers were absent from the property during the 1994 fire, there was a vehicle parked close to the house, and there was old property inside the house. Allured Decl. [260] at 1–5. These facts are similar to the circumstances surrounding the 2012 fire.

But Ms. Allured's lack of reliability raises serious doubts about whether "the evidence is sufficient to support a finding that the [Mullers] committed the act." *See Tsinnijinnie*, 91 F.3d at 1288–89. She offers statements based on a conversation she had over twenty years ago about a fire that occurred twenty-three years ago. Allured Decl. [260] at 1–5. And Ms. Allured self-

8 – OPINION AND ORDER

reports her tumultuous, estranged relationship with Stephen Muller, stating "Steve will say my testimony is my vindication against him for taking my inheritance from my father." Thenell Decl. [261], Exh. 1 (Allured Memo) at 4. Given these concerns, Ms. Allured's statements do not alter my prior ruling that evidence of the 1994 fire is inadmissible under FRE 403 and 404(b). *See Davtian v. Safeco Ins. Co. of Oregon*, 683 Fed. App'x 651, 652–53 (9th Cir. 2017) (concluding the district court did not abuse its discretion by allowing circumstantial evidence to suggest a previous fire was intentionally set under circumstances similar to the fire at issue, but recognizing "the evidence presented some danger of unfair prejudice").

Even if Ms. Allured's statements were admissible and would have allowed for the admission of evidence of the 1994 fire, her statements and this evidence likely would not have changed the outcome of the case. Evidence of a single fire eighteen years prior to the 2012 fire is unlikely to have swayed a jury that heard more pertinent evidence that the Mullers set the 2012 fire and still found for the Mullers. Ms. Allured's credibility is also in question. As discussed above, she self-reported statements about the animosity between Stephen Muller and herself. And some of Ms. Allured's statements are contradicted by other evidence in the record, including her assertions that Stephen Muller never paid taxes and that Yvette Schneider gave her information about the 2006 fire. *See* Thenell Decl. [261], Exh. 2 (Allured Statement) at 17–18; Allured Decl. [260] at 1–5; Schneider Decl. [272] at 1–2. Evidence based on statements from a witness lacking credibility likely would not have changed the outcome of this case. I therefore DENY Country Mutual's Motion for a New Trial [259] on the basis of newly discovered evidence.

**II.      Country Mutual's claims of error based on evidentiary rulings**

### a. Whether the Court erred by admitting evidence that the Mullers were not charged with a crime, and by issuing related jury instructions.

I denied Defendants' motion in limine #13, which sought to exclude evidence of a lack of criminal charges against the Mullers, and allowed the Mullers to present "the bare evidence of the lack of any criminal charges being brought into the case." Pretrial Conference Transcript [250] at 80–81. Country Mutual argues that a new trial is warranted because multiple other circuit courts (though not the Ninth Circuit) have concluded that a lack of criminal charges is inadmissible in an insurance coverage action. [259] at 15–18; *see, e.g., Am. Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985) ("[E]vidence of non-prosecution is of very limited probative value in showing that there was no arson because of the higher burden of persuasion in a criminal case. . . . Further, prosecutorial discretion may take into account many other factors not relevant in a civil suit."). But none of these cases involved one of the exclusions at issue here, which required Country Mutual to prove a dishonest or criminal act on the Mullers' part. Pretrial Conference Transcript [250] at 80–81This exclusion significantly alters the Fed. R. Evid. 403 balancing in this case and I find no error occurred.

I also declined to give the Ninth Circuit model jury instruction for the definition of reasonable doubt [231], because I concluded then and continue to think that on its own, such an instruction would have been confusing to the jury because it might suggest that they were to decide aspects of the case under a reasonable doubt standard. But the final jury instructions included the following limiting instruction regarding reasonable doubt:

> You have heard Plaintiffs were not charged with the crime of arson. This evidence has only a limited purpose. Crimes must be proven by a burden of proof described as "beyond a reasonable doubt." This is a much higher burden of proof than the one Defendant must meet to establish its affirmative defense. Defendant's burden of proof in this case is described as "preponderance of the evidence," which means "more probably true than not true." Thus, it is possible for Defendant to

> provide evidence sufficient to establish their affirmative defense even though relevant state officials did not charge Plaintiffs with a crime.
>
> You cannot rely on the absence of a criminal charge as a reason, by itself, to decide Defendant has not proved their affirmative defense. But you can consider it as one item of evidence, along with any other evidence presented, in determining whether or not the affirmative defense has been established, keeping in mind the differing burdens of proof.

Jury Instruction No. 22 [253]. I find no error occurred in these rulings and DENY Country Mutual's Motion for a New Trial [259] on this basis.

### b. Whether the Court erred by not admitting the Mullers' prior fires to show intent, knowledge, or absence of mistake.

Country Mutual argues that the Court erred by not admitting evidence of the Mullers' prior fires to show intent, knowledge, or absence of mistake. This issue depends largely on whether there was admissible evidence that the prior fires were incendiary or intentionally set under circumstances similar to the fire relevant to trial. *See Davtian*, 683 F. App'x at 652–53 (concluding district court did not err by admitting evidence of prior fires as evidence of intent); *Warner v. Transamerica Ins. Co.*, 739 F.2d 1347, 1350–51 (8th Cir. 1984) (discussing cases where "evidence of a prior fire was not deemed to be relevant unless it was proved that the insured actually participated in the prior arson (or at least a showing that the fire was of incendiary origin)"). Country Mutual makes no new arguments from its supplemental briefing on this issue to show that it had admissible evidence prior to trial that the fires were incendiary or intentionally set, and I conclude the evidence was properly denied under FRE 403 and 404(b). I DENY Country Mutual's Motion [259] on this issue.

### c. Whether the Court erred by denying Country Mutual's motion in limine regarding evidence of replacement cost value (RCV).

I previously concluded that Country Mutual waived this issue because "in failing to raise Plaintiffs' nonperformance of the repair and replace provision until now, Defendant has

11 – OPINION AND ORDER

essentially conceded that if Plaintiffs are entitled to coverage, they have met all the preconditions for RCV." Order [223] at 1; *see Runnymede Owners, Inc. v. Crest Mortg. Corp.*, 861 F.2d 1053, 1058 (7th Cir. 1988) (holding that a party "who intends to controvert the claimant's general allegation of performance is . . . given the burden of identifying those conditions he believes are unfulfilled and wishes to put in issue" (citation omitted); *see also Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1224 (11th Cir. 2010) ("Should a defendant not deny the satisfaction of the conditions precedent specifically and with particularity, however, the allegations are assumed admitted and cannot be later attacked." (internal quotation marks omitted)). Country Mutual does not address the Court's ruling on waiver, instead arguing the Court erred because Oregon courts require insureds to show actual replacement of lost property before payment of RCV. I find no error in this ruling and DENY Country Mutual's Motion on this issue.

### d. Whether the Court erred by not granting judgment as a matter of law that personal automotive parts were not covered by the policy.

Country Mutual argues the Court erred because the homeowner's insurance policy does not cover personal automotive parts. I denied Country Mutual's motion for judgment as a matter of law because Country Mutual waived this issue by failing to raise it until trial, and because there was at least some evidence from a Country Mutual representative that there was coverage for personal automotive parts. Country Mutual's argument fails to address waiver. Minutes [239]. I find no error and I DENY Country Mutual's Motion on this issue.

### e. Whether the cumulative errors denied Country Mutual a fair trial.

As stated above, I do not find error in these four evidentiary rulings and DENY Country Mutual's Motion on this issue.

### III. Renewed motion for judgment as a matter of law regarding the cost of personal property.

Country Mutual argues the Court should grant judgment as a matter of law (JMOL) on replacement cost for personal property, because "[t]here [wa]s almost no testimony about current replacement cost values" from the Mullers or other witnesses.[2] Motion [259] at 22. But the Mullers did testify about replacement cost values. Stephen Muller testified that the value of his personal property lost in the fire was $180,000. Minutes [233]; Lauersdorf Decl. [276], Exh. 9 at 10. Rena Muller testified that the replacement cost of the household personal property lost in the fire was $170,000. Lauersdorf Decl. [276], Exh. 16 at 7. The jury instructions included the following limiting instruction on Rena Muller's testimony:

> You may only rely on Ms. Muller's opinion regarding damages to the degree that she formed it independent of looking up values on the Internet. Additionally, you may only use, if you choose, Ms. Muller's testimony to arrive at a replacement cost value for the lost items.
>
> During Ms. Muller's testimony, you also heard evidence about the sale of six rental properties, including the closing costs for each sale. I have stricken any testimony relating to closing costs as unrelated to Plaintiffs' allegation for breach of contract. As such, you should disregard that testimony.

Jury Instruction No. 20 [253]. The jury returned a verdict for $256,500, below the combined amount from these two testimonies. Jury Verdict [256].

I conclude there is sufficient evidence in the record from the Mullers' testimony of the value of the personal property lost in the fire. "Opinion testimony by lay witnesses is admissible if it is '(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.'" *United States v. Goodheim*, 686 F.2d 776, 779 (9th Cir. 1982) (quoting Fed. R. Evid. 701). Lay witness testimony is admissible to prove damages. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir.1993)

---

[2] The Mullers argue that Country Mutual waived this argument, citing an old version of Federal Rule of Civil Procedure 50 to argue that Country Mutual had to move at the close of all evidence. But Rule 50 now states that "[a] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). Country Mutual moved for JMOL on this issue after the close of the Mullers' case, on day four of the trial. Transcript of Proceedings [238].

13 – OPINION AND ORDER

(concluding the district court did not abuse its discretion by allowing lay opinion testimony as to damages, where it was based on knowledge of business); *U.S. ex rel. Technica, LLC v. Carolina Cas. Ins. Co.*, No. 08-CV-01673-H KSC, 2012 WL 1229885, at *5 (S.D. Cal. Apr. 12, 2012). Here, the Mullers testified that the replacement cost of the personal property lost in the fire was $350,000. Testimony based on Rena Muller's Internet searches was disallowed; the jury could only consider the Mullers' testimony based on their personal knowledge of the property lost. And the jury found for the Mullers in an amount well below what their combined testimony would have produced ($350,000), indicating the jury did not just take their testimonies at face value. Given there was a "legally sufficient basis" to support the jury's verdict, *Experience Hendrix L.L.C.*, 762 F.3d at 842, I DENY Country Mutual's Motion [259] on this issue.

## CONCLUSION

For the reasons stated above, I DENY Country Mutual's Motion for a New Trial and Renewed Motion for Judgment as a Matter of Law [259].

IT IS SO ORDERED.

DATED this 20 day of November, 2017.

MICHAEL W. MOSMAN
Chief United States District Judge